UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

LOVE GRACE, INC.,                                    Docket Number:
                                                     Date Purchased:

                              Plaintiff,             **COMPLAINT**

              -v-


CARISSA-ANN SANTOS, WILD LOVE d//b/a
WILDLOVE CREATION, and ROBERT GULOTTA,

                              Defendants.
————————————————————————X

      Plaintiff, Love Grace, Inc. ("Plaintiff" or "Love Grace"), through its attorneys,

ROSENBERG FORTUNA & LAITMAN, LLP, as and for its Complaint against Defendant

Carissa-Ann Santos ("Santos"), Defendant Wild Love ("Wild Love"), Defendant Robert Gulotta

("Gulotta") respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.  This action arises out of Defendant Santos's failure to turn over Plaintiff's domain,

username and administrative password ("Domain, username and password") her wrongful

conversion and misappropriation of Plaintiff's property, and her wrongful use of Love Grace's

images and products for Defendants' gain.

      2.  As a direct result, Love Grace, has not been able to conduct its business and has lost

revenue by not having access to its Domain, username and password.  Defendant Santos has

refused to turn over Love Grace's property and is withholding it to use as leverage in her quest

for Love Grace to purchase her 30.83 percent shares of the business.

1

3. Defendant Santos left Love Grace, and upon information and belief, founded a web-based social media content creation company, called Wild Love.

4. Defendant Santos enlisted members of Love Grace to join her at Wild Love, where she improperly represents that Love Grace is a client of Wild Love's social media content creation company, when in fact, Love Grace has not given its authority to use its trademark, logo, images, and photographs for display in Wild Love's marketing displays.

5. Plaintiff is the owner of the trademark for Love Grace, a cold-pressed juice company. Plaintiff has sold its cold-pressed juice around the world and is known for its raw, organic vegetable and fruit cleanse juices.

6. Defendant Santos refused to turn over access to Plaintiff's Domain, username and password, and refused to allow the internet web host to speak with Plaintiff, which has prevented Plaintiff from access to their own internet and business email account.

7. In addition, Defendants are using Plaintiff's trademark without authorization through displays and advertisements on Defendant's internet website for their social media services, using the Love Grace trademark, logo, photographs and images to compel internet users to retain their services.

8. Defendants' unauthorized use of Plaintiff's trademark constitutes trademark infringement, conversion, breach of fiduciary duty, unfair competition, and dilution in violation of plaintiff's rights.

9. In an ultimate effort to save and protect Plaintiff's trademark and Plaintiff's global business, Plaintiff seeks to stop and enjoin Defendants' infringing and dilutive conduct, and to recover compensatory and punitive damages resulting from defendants' unauthorized and unlawful acts.

## PARTIES

10. Plaintiff Love Grace is a corporation organized and existing under the laws of Delaware and has an office and principal place of business at 202 Atlantic Avenue, Garden City Park, New York 11040.

11. Defendant Santos is a 30.83 percent shareholder of Love Grace and was the Chief Marketing Officer of Love Grace, and has demanded that her shares be bought out using a grossly inflated valuation.

12. Defendant Santos is an individual residing at 358 Est Nicholai Street, Hicksville New York, in the County of Nassau, New York, and was in charge of managing Love Grace's online presence and online sales.

13. Upon information and belief, Defendant Wild Love is a legal entity with a principal of business located in Nassau County, New York.

14. Upon information and belief, Defendant Wild Love is a web-based business, started by Defendant Santos with employees she has taken from Love Grace.

15. Defendant Gulotta is an individual, and is a photographer for Defendant Wild Love, residing in the County of Nassau, State of New York.

## JURISDICATION AND VENUE

16. This is an action for trademark infringement and false designation of origin in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq.,* 15 U.S.C. § 1114; dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); injury to business reputation and dilution under N.Y. Gen. Bus. L. § 360-1; trademark infringement in

violation of the common law; unfair competition in violation of the common law; and a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* In addition, this is an action for conversion, replevin, breach of fiduciary duty and waste.

17.     This Court has subject matter jurisdiction of the federal claims relating to trademark infringement, false designation of origin, unfair competition and dilution under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

18.     This Court has diversity jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1332, because Plaintiff is a Delaware Corporation, and Defendants Santos and Gulotta are citizens, residing in New York, and upon information and belief, Defendant Wild Love is a New York entity.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants have transacted business in and/or have committed tortious conduct within this judicial district, because the events or omissions giving rise to the claim occurred, in part, in the Eastern District of New York.

## STATEMENT OF FACTS

20.     Love Grace is a web-based company that sells Love Grace products in the Nutrition and Health and Wellness field.

21.     Products sold and marketed under the Love Grace trademark outlined below include a wide range of organic, cold-pressed juices, and vegetable juices and cleanses, and various other consumer health and nutrition-based foods and drinks.

22.     As a result of the longstanding, extensive, and widespread use, marketing and promotion of products under the Love Grace trademark, Plaintiff Love Grace's trademark is widely recognized by the general consuming public.

23.     Love Grace owns all right, title and interest in and to the Love Grace trademark. Love Grace owns a registration for a trademark, which is registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") as follows (collectively, the "Love Grace trademark"):

a. Goods and services IC 032. US 045 046 048.  G & S: Cold pressed, raw organic vegetable cleanse juices, cold pressed, raw organic fruit cleanse juices, and cold-pressed, raw organic fruit-vegetable cleanse juices, sold through e-commerce and from refrigerated cases or displays in retail outlets.  First use 20120800.  First use in commerce 20120800

b. (3) Design plus words, letters and/or numbers - USPTO Serial Number is 86006711. The owner of the trademark is Love Grace Inc. Corporation and its registration number is 5268637 dated August 22, 2017.

24.     A description of the mark consists of the word "LOVE" above and slightly to the left of "GRACE."  The word "LOVE" is bold and both words are in a distressed and lowercase font.  The words are surrounded by a heart with two leaves coming out of its top.

25.     Plaintiff Love Grace's trademark registration is valid and subsisting and in full force and effect.  A copy of the registration for the website of the Unites States Patent and Trademark Office is annexed as **Exhibit "A"**.

26.     Plaintiff Love Grace's trademark registration provides constructive notice of Plaintiff's claim of ownership under 15 U.S.C. § 1072.

27.     In addition to Plaintiff's federal trademark rights, Plaintiff has substantial common law rights in and to its Love Grace trademark arising from its use in the United States.

28.     Through the use of the Love Grace trademark and substantial investments in product development, marketing and advertising, and because of the widespread and favorable public acceptance and recognition, the Love Grace trademark has been the distinctive and famous designation of the source of origin for Love Grace products for many years. The Love Grace trademark is a highly valuable asset and a symbol of Plaintiff's products and the good will associated therewith.

29.     Defendants admit that the trademark belongs to Plaintiff.

30.     At no time did Plaintiff grant Defendants permission to use Love Grace products, the Love Grace trademark, images or photographs for any purpose relating to Wild Love.

**Defendants' Refusal to Turn Over Access to Plaintiff's Domain, User Name and Password**

31.     Defendant Santos was the administrative employee that applied for, and obtained Love Grace's Domain name, username and password that runs the business.

32.     Sales of Plaintiff's products are conducted through e-commerce and the domain name, username and password are essential to achieve sales and to conduct business.

33.     Unbeknownst to Plaintiff, Defendant Santos obtained the website, domain, user name, and password in her personal name, and bills were sent to her.

34.     Despite the fact that payments could have been arranged in an automatic business payment method through the business credit card, Defendant Santos intentionally submitted the paperwork in her personal name.

35.     Defendant Santos has exercised improper control over the Domain, username and password, preventing Plaintiff from having access to the Domain, username and password.

36.     As a result, Plaintiff could not access the Domain, username and password for its business email accounts.

37.     Defendant Santos failed to pay for the business email accounts and caused the email accounts to lapse, disabling the account, causing chaos for Plaintiff's business.

38.     Defendant Santos disabled the account multiple times, failed to pay for the Domain, username and password, and caused the site to be disabled.

39.     Defendant Santos' actions jeopardized Plaintiff Love Grace's business, and disrupted the selling of Plaintiff's products, and the maintenance of its website, causing issues related to its business.

40.     The usual practice for the web hosting company required that Love Grace pay periodically for the renewal of the website and its contents.

41.     Defendant Santos took dominion and control over the access to the email accounts and the web hosting company's billing, preventing Plaintiff from access to the host and its accounts.

42.     Defendant Santos disabled the system multiple times which disrupted Plaintiff's business, and prevented Plaintiff from gaining access to Plaintiff's website.

43.     Each time that Defendant Santos disabled the account, Plaintiff paid for the restoration of the web site, and Defendant Santos continues to have dominion and control of the Domain, username and password, and Plaintiff is subject to the whim of Defendant Santos.

44.     When the site was disabled by Defendant Santos, Plaintiff did not have access to its email account, could not achieve sales and could not build on the platform.

45.     Defendant Santos improperly maintains dominion and control over the business email accounts.

46.     Plaintiff has demanded access to the Domain, username and password, and Defendant Santos has refused to give Plaintiff access.

47.     Defendant Santos has control of the administrative passwords, and has withheld access from Plaintiff, while demanding a buyout based on a grossly inflated valuation for her 30.83 percent shares.

**Defendant's Unauthorized Use of the Love Grace Trademark**

48.     Defendant Gulotta was a photographer hired by Plaintiff to photograph images of Love Grace Products, specifically for the use of Love Grace, and only for Love Grace's use and control.

49.     The photographs are Plaintiff's property and Defendants were never given permission or authority to use them for any other purpose than for Plaintiff's business.

50.     Specifically, Defendants did not have permission or authority to use Plaintiff's trademark, photographs, images, logo or property for the benefit of Defendant Wild Love.

51.     Upon information and belief, Defendant Santos engaged Defendant Gulotta to photograph Love Grace's products for the benefit of Love Grace over a span of time.  However, Defendant Gulotta and Defendant Santos used those photographs without the knowledge, approval, or consent of Plaintiff for the benefit of themselves and Defendant Wild Love.

52.     Defendant Santos developed a relationship with Defendant Gulotta, and under Defendant Santos' direction, photographed Love Grace's products without permission, authority or consent of Plaintiff.

53.     Defendants converted Love Grace property and products from their unauthorized photoshoot, together with photographs that they converted to their use without Plaintiff's permission or authority, and have been placing them on display on Defendant Wild Love's website without the permission, authority, or consent.

54.     Upon information and belief, Defendant Santos falsified Plaintiff's signature for a bank check to pay Defendant Gulotta for the unauthorized photoshoot, without the knowledge authority, permission or consent of Plaintiff.

55.     Upon information and belief, during the late part of 2018, and continuing to this date, Defendants are actively displaying the Love Grace logo, trademark, images, photographs and products on their website, holding themselves out as having Love Grace as the main client for social media representation by Wild Love.

56.     Wild Love continues to display Love Grace's logo, trademark, products, photographs and images without having authority to do so, and, Defendants knowingly falsely state on the Wild Love website that "we've created for" Love Grace.

57.     Because of the unlawful actions of Defendants, and the unauthorized use of the Love Grace trademark, Defendants have been benefitting unlawfully from Love Grace's market place position.  In addition, Defendants' unlawful actions and unauthorized use of the Love Grace trademark have caused confusion in the marketplace as to the ownership rights in the mark.

58.     Defendants' unauthorized use of the Love Grace trademark comes well after the mark became famous.

59.     Plaintiff has not consented to, or authorized Defendants to use Plaintiff's famous federally registered Love Grace trademark in connection with its business activities.

60.     Upon information and belief, Defendants are continuing to use, the Love Grace trademark despite actual knowledge of Plaintiff's substantial use of and exclusive rights to the Love Grace trademark.

61.     Defendants' use of the Love Grace trademark is likely to cause confusion or mistake or to deceive consumers into thinking that Defendants and their services and business activities are authorized by, affiliated, connected or otherwise associated with Plaintiff.

## COUNT ONE
## INFRINGEMENT OF FEDERAL TRADEMARK, REGISTRATION NO. 5268637
## 15 U.S.C. § 1114

62.     Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

63.     Plaintiff is the owner of the trademark bearing the registration number 5268637. This registration is now valid, subsisting, uncancelled and unrevoked.

64.     As of the date of the filing of this Complaint, Plaintiff has actively engaged in expanding its use of the Love Grace trademark in connection to web-based e-commerce and products in interstate commerce throughout the United States, including in the State of New York.

65.     Defendants have, without the consent of Plaintiff, used in commerce Love Grace's trademark, misleading all consumers to believe that Love Grace is a client of Wild Love in connection with the sale, offering for sale, distribution, advertising and/or marketing of Defendants' services, and such use is likely to deceive the public.

66.     Specifically, Defendants have infringed upon Plaintiff's Love Grace trademark rights in interstate commerce by various acts, including, without limitation, the displaying of Love Grace products on their website, promotion and advertising and/or services using the Love Grace trademark, using photographs that are the property of Plaintiff, and the operation of the Internet website, www.wildlovecreative.com, prominently displaying, advertising, and promoting its services, and using Plaintiff's trademark.

67.    Defendants' use of Plaintiff's trademark in connection with the marketing of Defendants' services, while displaying Plaintiff's trademark, images, products, photographs and property without Plaintiff's permission or authority is unlawful, and Defendants' use is intended to deceive the public to think that Love Grace is a client of Wild Love, which Defendants know is not true.

68.    Defendants' infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered Love Grace trademark.

## COUNT TWO
## DILUTION OF A FEDERAL TRADEMARK
## 15 U.S.C. § 1125(c)

69.    Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

70.    Plaintiff's trademark is famous and entitled to protection under 11 U.S.C. § 1125(c) from dilution.

71.    Defendants' use of Plaintiff's trademark began after Plaintiff's trademark became famous.

72.    Defendants' acts have actually diluted and are likely to dilute and/or impair the distinctiveness of Plaintiff's trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

73.    Defendants' acts have been intentional, willful, and in bad faith.

74.    Plaintiff has been, and is likely to be, damaged by Defendants' infringing and unlawful acts.

75.     Defendants' acts have caused, and unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

76.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

**COUNT THREE**
**FALSE ADVERTISING AND UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

77.     Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

78.     Defendants have unlawfully used Plaintiff's trademark in commercial advertising and/or promotional materials, and Defendants' acts are likely to deceive as to the affiliation, connection, or association of Defendants or Defendants' services or commercial activities with Plaintiff or Plaintiff's goods or commercial activities.

79.     Defendants' acts constitute false designation of origin, false and misleading descriptions and representations and unfair competition in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendants' acts have been intentional, willful and in bad faith.

81.     Plaintiff has been and is likely to continue to be damaged by Defendants' infringing and unlawful acts.

82.     Defendants' acts have caused and unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

83.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT FOUR
## INJURY TO BUSINESS REPUTATION AND DILUTION
## UNDER N.Y. GEN. BUS. L. § 360-1

84.     Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

85.     Defendants' unauthorized use of Plaintiff 's trademark in connection with the goods or services they provide has injured and continues to injure Plaintiff's business reputation, in violation of N.Y. Gen. Bus. L. § 360-1.

86.     Defendants' acts have been intentional, willful and in bad faith.

87.     Plaintiff has been, and is likely to be, damaged by Defendants' infringing and unlawful acts.

88.     Defendants' acts have caused and unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

89.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief.

90.     Plaintiff's trademark is famous and entitled to protection from trademark dilution.

91.     Defendants used and are using Plaintiff's trademark after Plaintiff's trademark became famous.

92.     Defendants' acts have diluted the distinctive quality of Plaintiff's trademarks in violation of N.Y. Gen. Bus. L. § 360-1.

## COUNT FIVE
## COMMON LAW TRADEMARK INFRINGMENT

93.     Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

94.     Defendants' acts constitute trademark infringement in violation of common law.

95.     Defendants' acts have been intentional, willful and in bad faith.

96.     Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

97.     Defendants' acts have caused and unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

98.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## COUNT SIX
## COMMON LAW UNFAIR COMPETITION

99.     Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

100.    Defendants' acts constitute unfair competition in violation of common law.

101.    Defendants' acts have been intentional, willful and in bad faith.

102.    Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

103.    Defendants' acts have caused, and unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

104.    Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

## COUNT SEVEN
## DECLARATORY JUDGMENT

105.    Plaintiff repeats and realleges each and every allegation set forth above this Complaint as if fully set forth herein.

14

106.    Plaintiff is entitled to and demands a judgment declaring that Plaintiff is the owner of all right, title and interest in and to the Love Grace trademark and that they are famous, and that Defendants' unauthorized use of the Love Grace trademark infringes and dilutes Plaintiff's Love Grace trademark.

**COUNT EIGHT**
**CONVERSION**

107.    Plaintiff repeats and realleges each and every allegation set forth above this Complaint as if fully set forth herein.

108.    Plaintiff has a possessory right and an interest in the Domain, username and password, and, Defendant Santos' dominion and control over Plaintiff's property and interference with it, is in derogation of Plaintiff's rights.

109.    Plaintiff has demanded that Defendant Santos turn over the Domain, username and password, but Defendant Santos has refused.

110.    Defendant Santos has refused to turn over the Domain, username and password and has converted Plaintiff's property and assets in order to directly benefit and force Plaintiff to purchase her shares at a grossly inflated valuation.

111.    Defendant Santos' actions constitute theft and conversion of Plaintiff's assets and Plaintiff has been damaged in the sum to be determined at trial.

**COUNT NINE**
**REPLEVIN**

112.    Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

113.    Plaintiff has sole possessory right to the Domain, username and password, to the exclusion of all.

114.    Defendants have no possessory right the Domain, username and password, or Plaintiff's property.

115.    Defendant Santos is on notice that Plaintiff is the rightful owner of the Domain, username and password, and its property and assets.

116.    Defendant Santos refused to turn over Plaintiff's property and therefore Plaintiff is entitled to Replevin of the Property.

117.    As a direct and proximate result, Plaintiff has suffered damages and should recover from Defendants damages available under CPLR Sections 7108 and 7109, among other damages, in an amount to be determined at trial.

118.    Plaintiff respectfully requests that a judgment declaring that Plaintiff is the lawful owner of the domain, username and password be granted, and, that Defendants are Ordered to surrender immediate possession of the domain, username, and password.

## COUNT TEN
## BREACH OF FIDUCIARY DUTY

119.    Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

120.    As a shareholder of Plaintiff's corporation, Defendant Santos has a fiduciary duty and an obligation not to self-deal with regard to Plaintiff.

121.    Defendant Santos breached her fiduciary duty, among other things, (i) withholding the Domain, username and password to Plaintiff's business email accounts and refusing to turn it over when Plaintiff demanded it, (ii) causing the business email accounts to go unpaid and become in poor standing, causing the business email accounts to be disabled by the host for failure of payment, (iii) causing Plaintiff's products to be photographed surreptitiously, (iv) misusing those photographs and other photographs obtained without permission or authority

16

for Defendants' gain, (v) displaying Plaintiff's products on Defendants' website infringing on Plaintiff's trademark.

122.    Defendant Santos' actions were beyond the scope of authority and was a clear act of self-dealing and breach of fiduciary duty and would, unless set aside, seriously encumber the assets of Plaintiff and the equity of Plaintiff herein.

123.    Upon information and belief, in further breach of her fiduciary duty, Defendant Santos has wrongfully and without authorization taken assets of Plaintiff and used them for herself from Corporate funds, and otherwise through her acts and conduct has breached her fiduciary duty.

124.    Demand has been made on Defendants to rescind all such transactions, but they have failed and refused to do so.

125.    By reason of the foregoing, Love Grace has been irreparably injured and its remedy at law is inadequate.

126.    Plaintiff has been damaged as a result of Defendants Santos' breach of fiduciary duty in an amount to be determined at trial.

## COUNT ELEVEN
## WASTE

127.    Plaintiff repeats and realleges each and every allegation set forth above within this Complaint as if fully set forth herein.

128.    Defendants' actions, done without any corporate authorization or purpose, constitute conversion and waste of Plaintiff's assets for the exclusive benefits of Defendant Santos and Defendants.

129.    Plaintiff has no adequate remedy at law, and Defendants will continue to waste and convert Plaintiff's assets to their own use and benefit if an Order is not issued immediately.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

(a)     On the first cause of action, Infringement of Federal Trademark, Directing that Defendants turn over complete and exclusive access to Plaintiff's Domain, username and password, judgment declaring that Plaintiff is the registered owner of the famous Love Grace trademark and that Defendants' unauthorized use of the Love Grace trademark infringes and dilutes Plaintiff's Love Grace trademark; Judgment in favor of Plaintiff for the unlawful control of Plaintiff's Domain, username, and password in an amount to be determined at trial, enjoining and restraining Defendants, their directors and officers, agents and employees, and successors and anyone acting in active concert or participation with or at the behest or direction of any of them, from using Plaintiff's trademark, and any other designation that is comprised of or incorporates Plaintiff's trademark, any colorable imitation thereof, or any otherwise confusingly similar mark in connection with the sale, offering for sale, distribution, or advertising of any services, web based sales, and the internet; ordering that Defendants return all photographs and images of Love Grace products, and related to the Love Grace trademark; remove any images relating to Love Grace from Wild Love's website, and any other website that contains them, ordering that all labels, packaging, wrappers, manuals, signs, prints, banners, posters, brochures, or any other advertising, marketing, or other promotional materials bearing Plaintiff's trademark, as outlined above, and any other designation that is comprised of or incorporates Plaintiff's trademark, any colorable imitation thereof, or any otherwise confusingly similar mark, be destroyed; declaring that Defendant's infringement and dilution were knowing, intentional, and

willful; awarding Plaintiff compensation for damages, injury or harm incurred as a result of Defendants' unlawful conduct;

ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of their wrongful conduct;

awarding Plaintiff treble damages resulting from Defendants' willful and intentional conduct;

(b)     On the second cause of action, Dilution of Federal Trademark, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(c)     On the third cause of action, False Advertising and Unfair Competition, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(d)     On the fourth cause of action, Injury to Business Reputation and Dilution, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(e)     On the fifth cause of action, Common Law Trademark Infringement, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(g)     On the sixth cause of action, Common Law Unfair Competition, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(h)     On the seventh cause of action, Declaratory Judgment, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(i)     On the eighth cause of action, Conversion,  judgment against Defendants declaring Love Grace the sole and rightful owner of the Domain, username, and password, trademark and property, and entitled to the immediate possession thereof and for all damages in connection therewith, including those available under CPLR Article 71, *et seq*., for the wrongful retention of the foregoing property by Defendants, in an amount to be determined at trail, plus interest and

reasonable attorneys' fees and punitive damages in an amount to be determined by the Court, with statutory pre-judgment interest thereon from the date of the conversion;

(j)      On the ninth cause of action, Replevin, judgment against Defendants declaring Love Grace the sole and rightful owner of the Domain, username, and password, trademark, property, and photographs, a judgment declaring that Plaintiff is the lawful owner of the domain, username and password, and, that Defendants are Ordered to surrender immediate possession of the Domain, username, and password to Plaintiff, Plaintiff granted immediate possession thereof and for all damages in connection therewith, including those available under CPLR Article 71, *et seq.*, for the wrongful retention of the foregoing property by Defendants, in an amount to be determined at trail, plus interest and reasonable attorneys' fees in an amount to be determined by the Court, with statutory pre-judgment interest thereon from the date of the conversion.

(k)      On the tenth cause of action, Breach of Fiduciary Duty, same as (a) above, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(l)      On the eleventh cause of action, waste, judgment against Defendants declaring Love Grace the sole and rightful owner of the Domain, username, and password, and its trademark and property, and is entitled to the immediate possession thereof and for all damages in connection therewith, including those available under CPLR Article 71, *et seq.*, for the wrongful retention of the foregoing property by Defendants, in an amount to be determined at trail, plus interest and reasonable attorneys' fees in an amount to be determined by the Court;

(m)      On all causes of action, the costs and disbursements of this action;

(n)      judgment declaring Plaintiff is the lawful owner of the domain, username and password and ordering defendants to surrender immediate possession of same to plaintiff;

(p)     ordering full restitution and/or disgorgement of all profits and benefits that may

have been obtained by Defendants as a result of their wrongful conduct;

(q)     awarding Plaintiff treble damages resulting from Defendants' willful and

intentional conduct;

(r)     awarding Plaintiff punitive and exemplary damages;

(s)     assessing and awarding Plaintiff's costs of this action and Plaintiff's attorneys' fees

against Defendants; and

(t)     ordering or awarding any other such relief the Court deems just and proper.

Dated: July 11, 2019
Garden City, NY

ROSENBERG FORTUNA & LAITMAN, LLP


By _____ (LD4718)
        Laura M. Dilimetin
        666 Old Country Road
        Suite 810
        Garden City, NY  11530
        516.228.6666
        Attorneys for Plaintiff

**EXHIBIT "A"**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Jul 11 05:22:19 EDT 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [ ] OR Jump to record: [ ]   **Record 11 out of 22**

---

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **LOVE** GRACE. |
| **Goods and Services** | IC 032. US 045 046 048. G & S: Cold-pressed, raw organic vegetable cleanse juices, cold-pressed, raw organic fruit cleanse juices, and cold-pressed, raw organic fruit-vegetable cleanse juices, sold through e-commerce and from refrigerated cases or displays in retail outlets. FIRST USE: 20120800. FIRST USE IN COMMERCE: 20120800 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 02.11.01 - Hearts excluding hearts as carriers or depicted on playing cards 05.03.25 - Leaf, single; Other leaves |
| **Serial Number** | 86006711 |
| **Filing Date** | July 10, 2013 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 15, 2014 |
| **Registration Number** | 5268637 |
| **Registration Date** | August 22, 2017 |
| **Owner** | (REGISTRANT) LOVE GRACE INC. CORPORATION DELAWARE 23-23 BORDEN AVENUE LONG ISLAND CITY NEW YORK 11101 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |

Case 2:19-cv-04029-NGG-JO   Document 1   Filed 07/12/19   Page 24 of 24 PageID #: 24

| Attorney of Record | Marcella Ballard |
|---|---|
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of the word "LOVE" above and slightly to the left of "GRACE." The word "LOVE" is bold and both words are in a distressed and lowercase font. The words are surrounded by a heart with two leaves coming out of its top. |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | Top | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY