UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
LOVE GRACE, INC.,

               Plaintiff,

      -against-

CARISSA-ANN SANTOS, WILD LOVE d/b/a/
WILDLOVE CREATION, and ROBERT
GULOTTA,

             Defendants.
_____

**MEMORANDUM & ORDER**
**19-CV-4029 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Love Grace, Inc., a company that sells cold-pressed juices over the internet, brings this action for trademark infringement and dilution, unfair competition, and various common law torts against its partial owner and former employee, Defendant Carissa-Ann Santos; her photographer fiancé, Defendant Robert Gulotta; and the new company they allegedly started, Defendant Wild Love. (Am. Compl. (Dkt. 10).) Before the court are Defendants' Motions to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b). (Robert Gulotta Mot. to Dismiss ("Gulotta Mot.") (Dkt. 16)); Carissa-Ann Santos Mot. to Dismiss ("Santos Mot.") (Dkt. 25)); (Plaintiff's Mem. in Opp. to Defs.' Mots. to Dismiss ("Opp.") (Dkt. 31).)

Plaintiff contends that Ms. Santos is leveraging her control of Plaintiff's website-related property to squeeze more than fair value out of her shares. Defendants maintain that Plaintiff's action is an effort to press a personal grudge against them, and that it is motivated by a thirst to prevent Ms. Santos from buying out her shares at a value that recognizes the fruits of her labor. (Am. Compl. ¶ 3; Santos Mot. at 2.) For the reasons stated below, Defendants' Motions to Dismiss the Amended Complaint are DENIED.

## I.   BACKGROUND

### A. Factual Background

Plaintiff Love Grace, Inc. ("Love Grace") is a web-based company, incorporated in Delaware and with its principal place of business in New York, that sells organic, cold-pressed juices, vegetable juices and cleanses, and other nutrition-based foods and beverages. (Am. Compl. ¶¶ 11, 21-22.) Love Grace owns a registered trademark in its logo. (*Id.* ¶¶ 24-25.) Love Grace is owned by four individuals, one of whom is Ms. Santos, who holds a share of approximately 31 percent.[1] (Id. ¶ 3; Santos Mot. at 1.) According to Ms. Santos, she co-founded Love Grace in 2011 with Jake Mabanta, with whom she was in a romantic relationship at the time. (Santos Mot. at 1.) Mr. Mabanta remains a partial owner of the company, along with his cousin Andrew Giangrandi, Vincent Biscaye, and Ms. Santos. (*Id.*)

Ms. Santos worked for Love Grace in an administrative capacity until September 2017. (*Id.* at 2; Am. Compl. ¶ 32.) According to Plaintiff's Amended Complaint, she obtained Love Grace's web domain name, and the username and password for that domain, in her personal name, and paid for the domain name in her personal capacity, unbeknownst to Plaintiff. (Am. Compl. ¶¶ 32-35.) At some point during her employment with Love Grace, Ms. Santos hired photographer Robert Gulotta – another cousin of Mr. Mabanta's – to take photographs of Love Grace's products for marketing purposes. (*Id.* ¶ 49; Santos Mot. at 2.)

According to Ms. Santos, her relationship with Mr. Mabanta, who had been abusive, ended, and she thereafter began a relationship with Mr. Gulotta in 2017, which led to her being "ostracized" by the other partners. (Santos Mot. at 2.) She also alleges that she

---

[1] Plaintiff's Amended Complaint indicates that Santos holds a 30.83 percent share. (Am. Compl. ¶ 3.) Santos's Motion to Dismiss suggests that she owns approximately 31.67 percent. (Santos Mot. at 1.)

2

attempted to expose "bad business practices and breaches of fi-duciary duty" by the other Love Grace partners. (*Id.*) All of this led to a "toxic work environment," and she resigned from her administrative role in September 2017. (*Id.*)

Plaintiff alleges that since Ms. Santos's resignation, she has main-tained control of the website domain, username and password, and affiliated email account, and has withheld access from Plain-tiff in a manner that interferes with Plaintiff's business operations. (Am. Compl. ¶¶ 44-48.) It alleges that on August 1, 2019, Defendants shut down Love Grace's website. (*Id.* ¶¶ 69-71.) It further alleges that after she departed from her role at Love Grace, Ms. Santos founded Wildlove Creation ("Wild Love"), "a web-based social media content creation company," and promoted it using photographs of Love Grace's products, taken by Mr. Gulotta, without Plaintiff's permission.[2] (*Id.* ¶¶ 4-5, 51-58.)

Underlying this acrimony, the parties seem to agree, is a dispute over the valuation of Ms. Santos's shares of Love Grace. Plaintiff alleges that Ms. Santos is demanding that her partners buy out her shares at an inflated price, while Ms. Santos claims that her partners are underrepresenting the company's value. (*Id.* ¶¶ 63-64; Santos Mot. at 2-3.) According to Plaintiff, in July 2019 Ms. Santos met with a major Love Grace customer, showed it Love

---

[2] Mr. Gulotta alleges that while Ms. Santos was "marketed as being part of" Wild Love – which he refers to as "Wildlove Creative," rather than "Wildlove Creation" – in fact Wild Love is an alter ego of Mr. Gulotta's photography business, wholly owned by Mr. Gulotta. (Gulotta Mot. at 1.) He also asserts that Wild Love is a defunct project that never generated profit and that ended, along with his and Ms. Santos's romantic relation-ship, in mid-2019. (*Id.*) Subsequent filings by the Defendants in this case refer to Mr. Gulotta as Ms. Santos's fiancé, suggesting that they have rekin-dled their relationship since the filing of Mr. Gulotta's Motion to Dismiss. (*See* Answer, Counterclaim, and Third Party Compl. (Dkt. 51) at 2.)

Grace's proprietary information and financial documents, and attempted to convince that customer to buy her shares. (*Id.* ¶¶ 65-68.) Plaintiff alleges that this meeting adversely affected its position in contract negotiations with that customer and caused it to lose revenue. (*Id.* ¶ 68.)

## B.  Procedural History

Plaintiff filed its complaint on July 12, 2019 and its amended complaint on November 1, 2019, alleging that Defendants Ms. Santos, Mr. Gulotta, and Wild Love infringed on and diluted its trademark, engaged in false advertising and unfair competition, committed conversion and replevin, misappropriated Plaintiff's trade secrets, and breached their fiduciary duty, in violation of 15 U.S.C. §§ 1114, 1125(a), and 1125(c), N.Y. Gen. Bus. L. § 360-l, and common law. (*Id.* ¶¶ 72-149.) Plaintiff seeks both preliminary and permanent injunctions preventing Defendants from using or disclosing its trade secrets a declaratory judgment establishing that Plaintiff is the rightful owner of the Love Grace domain, username, and password; damages, disgorgement of profits, and costs. (Am. Compl. at 21-26.)

On December 16, 2019, Mr. Gulotta filed *pro se* a Motion to Dismiss the Amended Complaint, purportedly on behalf of all parties. (Gulotta Mot at 3.) The court instructed the Defendants that Mr. Gulotta, who is not an attorney, could not represent Ms. Santos. *See United States ex. rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because [28 U.S.C. § 1654] permits parties only to plead and conduct their *own* cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.")[3] On March 30, 2020, Ms. Santos filed her own *pro se*

---

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

Motion to Dismiss. (*See* Santos Mot.) Plaintiff filed its Memorandum in Opposition to the Motions to Dismiss on April 24, 2020. (*See* Opp.) [4]

## II.    LEGAL STANDARD

Because the defendants in this case are proceeding *pro se*, the court is mindful of its "obligation . . . to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," and the court will therefore construe the defendants' submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "The court's duty is even broader in the case of a *pro se* defendant who finds herself in court against her will with little time to learn the intricacies of civil procedure." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### A.  Rule 12(b)(2)

A court considering a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction must first apply the law of the state where the federal court sits to determine personal jurisdiction over a defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

---

[4] Since that time, the parties have continued to make filings. On September 16, 2020, Ms. Santos filed a 225-page Answer, Counterclaim, and Third Party Complaint against Love Grace and its other three shareholders, seeking, *inter alia*, reinstatement of Ms. Santos's position at Love Grace, backpay, and the removal of the other three partners from their positions as officers of the company. (*See* Answer, Counterclaim, and Third Party Compl. at 211-25.) On October 16, 2020, Love Grace, Mr. Biscaye, Mr. Giangrandi, and Mr. Mabanta moved to dismiss Ms. Santos's counterclaims and third-party complaint. (P. & Third-Party Defs.' Mot. to Dismiss (Dkt. 56).) The court will consider the Plaintiff's and Third-Party Defendants' motion at a subsequent date, once it is fully briefed.

To survive a motion to dismiss under Rule 12(b)(2), "the plaintiff need make only a *prima facie* showing of jurisdiction." *Id.*

### B.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must contain facts that do more than present a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. To decide Defendants' motions to dismiss, the court "will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [Plaintiffs'] favor." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). However, the court will "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court must then evaluate the "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. This plausibility analysis "does not impose a probability requirement at the pleading stage," but requires the complaint to provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556.)

### III.   DISCUSSION

Both Defendants argue that Plaintiff's Amended Complaint should be dismissed based on the impermissible joinder of parties. (Gulotta Mot. at 2; Santos Mot. at 6-7.) Ms. Santos's motion further argues that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the claims it raises lack a basis in fact. (Santos Mot. at 5.) Mr. Gulotta's motion also seeks the dismissal of Ms. Santos for the case for lack of personal

jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). (Gulotta Mot. at 2-3.)

### A. **Joinder of Parties**

Mr. Gulotta and Ms. Santos both argue that they have been impermissibly joined as defendants, in violation of Fed. R. Civ. P. 20(a)(2), which provides for the permissive joinder of parties as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Mr. Gulotta and Ms. Santos suggest that Plaintiff's Amended Complaint impermissibly raises claims concerning Mr. Gulotta's alleged trademark infringement along with wholly unrelated claims concerning Ms. Santos's alleged misuse of Plaintiff's property and proprietary information. (Gulotta Mot. at 2; Santos Mot. at 7-8.)

The Amended Complaint, contrary to Defendants' characterization of it, alleges that Ms. Santos and Mr. Gulotta jointly engaged in the unauthorized use of Love Grace's trademark to promote Wild Love. (*See* Am. Compl. ¶¶ 49-62.) While Defendants suggest that the trademark claims are relevant only to Mr. Gulotta, Plaintiff alleges that Ms. Santos is the founder of Wild Love. (*Id.* ¶ 15.) For the purposes of deciding the Defendants' motions to dismiss, the court is bound to accept the factual allegations made in the complaint as true, notwithstanding Defendants' contrary claim that "Ms. Santos has no legal relationship" to Wild Love. (Santos Mot. at 7.) Moreover, Mr. Gulotta suggests that while Ms. Santos "has not[] participated in [Wild Love] in any significant way since she moved to New Mexico in June of 2019," she *was* involved with Wild Love prior to that point in time. (Gulotta Mot. at 1.)

Because Plaintiff's trademark claims appear to be asserted jointly against Ms. Santos and Mr. Gulotta, to arise from the same set of

events, and to rest on common legal and factual issues, the Defendants are properly joined under Fed. R. Civ. P. 20(a)(2).

### B. Factual Basis for Plaintiff's Allegations

Ms. Santos suggests that Plaintiff's Amended Complaint misrepresents the relevant facts and levies "fabricated and exaggerated claims" against the Defendants "while the plaintiffs themselves have engaged in a criminal conspiracy, falsified business records" and engaged in other wrongdoing. (Santos Mot. at 5.) Ms. Santos describes an alternative version of the underlying events and suggests that this action is the latest iteration of Mr. Mabanta, Mr. Giangrandi, and Mr. Biscaye's vindictive and unlawful efforts to force her to sell her shares of Love Grace at a unfairly low price. (*Id.*)

"As required when reviewing a motion to dismiss a complaint for failure to state a claim, [the court] accept[s] . . . as true" the facts alleged in the complaint "for purposes of this opinion." *United States ex. rel. Chorches v. Am. Medical Response, Inc.*, 865 F.3d 71, 75 (2d Cir. 2017). Plaintiff's factual allegations, if true, plausibly allege claims on which it would be entitled to relief. Accordingly, the court cannot at this stage dismiss Plaintiff's action on the grounds that it lacks a basis in fact. This is not to suggest that the court finds Plaintiff's allegations to be either more or less credible than those of Ms. Santos; rather, the court must assume (without deciding) that Plaintiff's factual allegations are true for the purposes of deciding if its complaint states a plausible claim to relief.

### C. Personal Jurisdiction

Mr. Gulotta argues that this court lacks personal jurisdiction over Ms. Santos, who relocated from New York to New Mexico in June 2019. (Gulotta Mot. at 2-3.) As an initial matter, Mr. Gulotta may not properly assert this argument on Ms. Santos's behalf. *See In re Blutrich Herman & Miller*, 227 B.R. 53, 58 (Bankr. S.D.N.Y. 1998) ("Insufficiency of process and lack of personal jurisdiction

are personal defenses which, therefore, may not be raised on be-half of another party.") Ms. Santos did not raise the issue of personal jurisdiction in her motion, and she has therefore waived the defense. *See* Fed. R. Civ. P. 12(h)(1).

Even if Ms. Santos had properly raised the issue, this court clearly has personal jurisdiction over her in this action. New York's long-arm statute permits the exercise of personal jurisdiction over "any non-domiciliary" who, *inter alia*, "transacts any business within the state or contracts anywhere to supply goods or ser-vices in the state" or "commits a tortious act within the state." N.Y. C.P.L.R. § 302(a). Even if Ms. Santos no longer resides in New York, she continues to transact business in New York as a shareholder of Love Grace, which maintains its principal place of business in New York, and Plaintiff alleges that she committed tortious acts in New York that form the basis of its complaint. Moreover, asserting personal jurisdiction over Ms. Santos would not violate her due process rights, in light of her activity in New York, related to this action, that clearly exceeds the constitutional threshold of "minimum contacts." *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242-43 (2d Cir. 2007). Accordingly, Mr. Gulotta's improperly asserted argument that this court lacks per-sonal jurisdiction over Ms. Santos simply because she has moved to New Mexico lacks merit.

## IV.  CONCLUSION

For the reasons stated above, Mr. Gulotta's (Dkt. 16) motion to dismiss and Ms. Santos's (Dkt. 31) motion to dismiss are both DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           November 5, 2020

                                    /s/ Nicholas G. Garaufis
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge

10