UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LOVE GRACE, INC.,

        Plaintiff,                          **REPORT AND RECOMMENDATION**

  v.                                            19-CV-4029 (NGG) (ST)

CARISSA-ANN SANTOS, WILD LOVE
d/b/a WILDLOVE CREATION, and
ROBERT GULOTTA

        Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      Before this Court are two separate motions. The first was brought by Carissa-Ann Santos ("Defendant") seeking summary judgment on one of her counterclaims against Love Grace, Inc. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 56. The second seeks dismissal of Defendant's counterclaims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1). Both motions were referred to this court for a combined Report and Recommendation by the Honorable Nicholas Garaufis. For the reasons detailed below I recommend the Court DENY Defendant's motion for summary judgment and GRANT Plaintiff's motion to dismiss.

## BACKGROUND

      Defendant and Plaintiff's Rule 56.1 Statements submitted with their briefing are largely cursory given the limited nature of Plaintiff's summary judgment motion. *See* Def. L.R. 56.1 Statement, ECF No. 110-1; Pl. L.R. 56.1 Counterstatement, ECF No. 114. This statement of facts will therefore rely on declarations and affidavits submitted in connection with Defendant's motion for summary judgment and Plaintiff's motion to dismiss.

1

Defendant is a former employee and partial owner of Plaintiff. *See* Santos Aff. ¶¶ 3,5, ECF No. 110-3. Plaintiff maintains that Defendant left her role willingly and that Defendant never occupied a director level position. Mabanta Decl. ¶¶ 5-15, 45, ECF No. 112. Defendant, however, asserts that she was terminated and that because her termination was not done as required under the company bylaws, she is still considered a director and officer of Plaintiff. Santos Aff. ¶ 5, ECF No. 110-3.

To summarize facts that ultimately are not relevant in deciding these motions, Defendant's departure from Plaintiff's employment has not been amicable. Plaintiff and Defendant have tried, without success, to reach a buyout agreement, thereby relieving Defendant of her ownership interest and resolving this dispute without the need for trial. *See* Santos Aff. ¶¶ 7-15, ECF No. 110-3; Mabanta Decl. ¶ 33, ECF No. 112. Eventually, Plaintiff filed a complaint in this Court on July 12, 2019, alleging state law claims as well as federal claims under the Lanham Act. Sacco Decl. ¶¶ 5-6, ECF No. 136-1. At the time the complaint was filed, both Plaintiff and Defendant were citizens of New York. *See* Pl. Am. Compl. ¶11, 13, ECF No. 10; Def. Am. Answer at ¶ 13, ECF No. 108 (admitting to Plaintiff's allegation that Defendant is a resident of New York).

Defendant subsequently filed her answer with counterclaims, raising eleven state law claims against Plaintiff.[1] Sacco Decl. ¶ 11, ECF No. 136-1. At some point after filing her

---

[1] In addition to counterclaims, Defendant also filed a third-party complaint against officers of her former employer. *See* Def. Am. Answer, ECF No. 77. Defendant has since moved to amend that third-party complaint, and that motion is held in abeyance before Judge Garaufis pending final determination of these instant motions. *See* Minute Entry dated Feb. 21, 2023. Defendant claims that Plaintiff failed to move to dismiss the third-party complaint when moving to dismiss the counterclaims. Def. Opp. Br. at 2, ECF No. 137. Plaintiff asserts that the third-party complaint is deficient and should not be considered. Pl. Reply Br. at 4-5, ECF No. 138. Ultimately, the Court need not resolve this dispute as Defendant concedes that "the law and arguments" applied to Defendant's counterclaims apply with equal force to Defendant's third-party complaint. Def. Opp. Br. at 2, ECF No. 137. Therefore, all analysis and recommendations contained herein that refer to Defendant's counterclaims apply with equal force to Defendant's third-party complaint.

counterclaims, Defendant relocated to New Mexico. Def. Opp. Br. at 2, ECF No. 137. Plaintiff subsequently withdrew its claims, leaving only Defendant's counterclaims. Sacco Decl. ¶ 11, ECF No. 136-1. Defendant then moved for summary judgment on one of her counterclaims. Def. Mot. Summ. J., ECF No. 110. Plaintiff later moved to dismiss Defendant's counterclaims for lack of subject matter jurisdiction, arguing that this Court should decline to exercise its pendent jurisdiction over Defendant's state law claims. Pl. Mot. Dismiss, ECF No. 136. Judge Garaufis referred both motions to me for a Report and Recommendation. Minute Order dated Feb. 3, 2023.

## LEGAL STANDARD

### I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction Standard.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Donahue v. Suffolk County Family Court*, No. 19-CV-03785 (LDH) (LB), 2019 WL 5778076 at *1, (E.D.N.Y. Aug. 22, 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)) (internal quotations omitted). Federal Rule of Civil Procedure 12(h)(3) "requires a court to dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction over the action." *Id*. The complainant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See id*. "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)) (alterations in original).

## II.     Summary Judgment Standard.

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue of fact is material if the fact "might affect the outcome of the suit under the governing law…" *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute exists as to a material fact when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

On motions for summary judgment, the moving party bears the initial burden of establishing the absence of a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets that burden, the non-moving party must then show there is a genuine dispute for trial. *Id.*  The burdens on both parties as to the underlying elements are aligned as they would be at trial. *Id.* at 254.

When considering a motion for summary judgment, the Court must construe "all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

## DISCUSSION

Before this Court can consider Defendant's motion for summary judgment on her counterclaims, the Court must first determine whether it has subject matter jurisdiction over those counterclaims. Plaintiff argues that this Court should decline to exercise its pendent jurisdiction over Defendant's counterclaims, which are entirely based on state law, as Plaintiff has withdrawn its federal claims. Pl. Br. at 4-6, ECF No. 136-4. In response, Defendant argues

4

that the balance of factors weighs in favor of retaining pendent jurisdiction. Def. Opp. Br. at 2-4, ECF No. 137. For the reasons discussed below, I recommend that the balance of factors weighs against retaining pendent jurisdiction and Plaintiff's motion to dismiss should be GRANTED. As this Court has no other means to establish subject matter jurisdiction over Defendant's counterclaims, I further recommend that Defendant's motion for summary judgment be DENIED.[2]

### I. The Court Should Decline to Exercise Pendent Jurisdiction Over Defendant's State Law Counterclaims.

Federal courts, "whose jurisdiction is limited by the United States and acts of Congress, [have] a duty to examine [their] jurisdiction over an action" whether upon a motion by a party or *sua sponte*. *Donahue*, 2019 WL 5778076 at *1. That said, federal courts have long recognized the power to decide certain state-law claims which "derive from a common nucleus of operative fact" as related federal claims. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (internal quotations omitted).

---

[2] The basis for federal question jurisdiction in this case was Plaintiff's claims pursuant to the Lanham Act, which have since been withdrawn. *See* Pl. Br. at 4, ECF No. 136-4. Defendant's counterclaims are entirely based on state law. *See id*. Diversity jurisdiction is also unavailable as Plaintiff and Defendant were both citizens of New York at the time this action was filed. *See id* at 5. Defendant argues that, were the counterclaims to be dismissed, she could immediately refile the same claims pursuant to this Court's diversity jurisdiction as Defendant now resides in New Mexico. Def. Opp. Br. at 2, ECF No. 137. It is possible for diversity jurisdiction to arise during the course of a litigation in an instance where a party has moved states, thereby creating diversity, after a complaint has been filed but prior to answering. *See Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018). However, the general rule remains that diversity jurisdiction is determined by the parties' citizenships at the time an action is commenced. *Id*. Unlike in *Wright*, where the defendant moved to Tennessee after the plaintiff commenced the lawsuit in New York but before filing an answer, Defendant in this case did not relocate to New Mexico until after answering Plaintiff's complaint. *See id*; *see also* Def. Am. Answer at ¶ 13, ECF No. 108 (admitting to Plaintiff's allegation that Defendant is a resident of New York). Furthermore, the defendant in *Wright* denied plaintiff's allegation that she was a citizen of New York, whereas Defendant here has admitted as much. *See id*. As Defendant's claim does not fit in the specific exception created by *Wright*, I recommend that there is no basis for diversity jurisdiction over Defendant's claims as currently filed.

5

The decision to exercise this pendent jurisdiction over state law claims is left to the sole discretion of the district court and complainants "in general have no absolute right to have pendent state law claims under any circumstances, and certainly have no right to insist that the District Court retain jurisdiction of pendent state law claims after federal claims have been dismissed." *Pitchell v. Callahan*, 13 F.3d 545, 549 (2d Cir. 1994) (internal quotations and citations omitted); *see also Carnegie-Mellon*, 484 U.S. at 350 ("pendent jurisdiction is a doctrine of discretion, not of plaintiff's right). When federal claims have been dismissed from a case, a district court should look to the balance of factors such as judicial economy, convenience, fairness, and comity in determining whether to exercise its discretion over pendent state law claims. *See Patel vi. Lutheran Medical Center, Inc.*, 753 F. Supp 1070, 1077 (E.D.N.Y. 1990); *Jitta v. Polstein*, No 09-CV-2868 (ARL), 2011 WL 4073926 at *11 (E.D.N.Y. Sept. 13, 2011).

Considerations of comity between federal and state courts are particularly important in determining whether to exercise pendent jurisdiction. As such federal courts should, in general, avoid "needless decisions of state law." *Senese v. Longwood Cent. School Dist.*, 330 F. Supp 3d 745, 777 (E.D.N.Y. 2018) (quoting *Gibbs*, 383 U.S. at 726) (internal quotations omitted). This principle also serves to "promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* It is for these reasons that "[f]ederal courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction when federal claims in a case can be disposed of . . . ." *Jitta*, 2011 WL 4073926 at *11; *see also In re Merrill Lynch Ltd. Partnerships Litigation*, 154 F.3d 56 (2d Cir. 1998) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered. . . will point toward declining jurisdiction over the remaining state-law claims.").

This Circuit has recognized two such instances of "exceptional circumstances" where a court has retained pendent jurisdiction over state law claims after all federal claims have been removed from the case. The first is when the state law claims raise important questions of federal policy. *See, e.g., Marcus v. AT&T Corp*, 138 F 3d 46, 57 (2d Cir. 1998) (affirming district court's retention of state law claims despite dismissal of federal claims where state law claims implicated the federal preemption doctrine.). The second involves instances where federal claims are removed from a case as the case approaches trial after significant resources have been used litigating the claim. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996) (affirming district court's retention of state law claims where magistrate judge dismissed federal claims nine days before trial). Neither instance is present in this case.

Defendant's counterclaims present straightforward issues of state law regarding workplace discrimination and harassment and do not implicate federal policy. *See* Def. Am. Answer, ¶¶ 167-234, ECF No. 108. As such, the District Court has no interest in ensuring the proper adjudication of federal law or policy in regards to Defendant's claims. *See Marcus*, 138 F 3d at 57. Furthermore, Defendant makes no such argument to that end in briefing her opposition to this motion to dismiss.

Additionally, this motion comes well before this case is ready for trial, as discovery remains ongoing and dispositive motion practice is not yet complete. Defendant highlights in her briefing that this case has already been in process for several years, discovery is ongoing, and a motion for summary judgment has been made. Def. Opp. Br. at 3, ECF No. 137. While true, the length of this case is, in part, due to the parties' joint efforts to stay this case in order to resolve the dispute without the need for a trial, the discovery process began in earnest as recently as December 13, 2022, and the briefed motion for summary judgment applied to only one of

Defendant's multiple counterclaims. *See* ECF Entries dated Jan. 25, 2022, Jun. 17, 2022, and Dec. 13, 2022. Dispositive motion practice for the other ten counterclaims has yet to occur.

At the earliest, this Circuit has approved of retaining pendent jurisdiction over state law claims after federal claims have been dismissed when a case is ready to proceed to trial and after the close of discovery and dispositive motion practice. In *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990), the Second Circuit affirmed the district court's retention of jurisdiction where discovery had been completed, three dispositive motions had been briefed and decided, and the case was ready to proceed to trial. Even then, the trial court cautioned that "it did not wish to establish a precedent" *Id*. Notably, Defendants have failed to show any authority, in this Circuit or otherwise, indicating that a court may retain pendent jurisdiction when discovery is ongoing and dispositive motion practice has not begun for the majority of claims. As this Court is unaware of such a case, it appears that maintaining pendent jurisdiction over this case would require extending rationales previously accepted by this Circuit.

Defendant nonetheless urges that "judicial economy and common sense dictate that the Court should exercise its discretion and keep the case." Def. Opp. Br. at 2, ECF No. 137. In particular, she argues that because Defendant has since relocated from New York to New Mexico, Defendant could immediately refile this action upon dismissal in this Court on the basis of diversity jurisdiction. *Id.* The Court acknowledges that the most economical path forward would be to retain pendent jurisdiction in this case. However, judicial economy is not the only factor to balance in making this decision. As detailed above, concerns of comity are heavily implicated in this case, as retaining pendent jurisdiction would represent an expansion of this Court's traditional scope of exercising its discretion over state law claims. Furthermore, Defendant's argument cuts against any potential issues of prejudice, as Defendant has

acknowledged she would still be able to obtain relief on her counterclaims via this Court. *Id.* Lastly, Defendant concedes that much of the "described progress which has been made [in this case] could be carried over to any new case . . . ," thereby undercutting her own judicial economy argument. *Id* at 3. Any new action filed would not simply be starting over from scratch but would retain the progress made in this case to date. *See id*. As such, I recommend that the judicial economy concerns raised here do not, standing alone, justify this Court expanding its traditional use of pendent jurisdiction. Plaintiff's motion to dismiss for lack of subject matter jurisdiction should therefore be granted and Defendant's counterclaims and third-party complaint should be dismissed without prejudice.

    **II.**    **As this Court Does Not Have Jurisdiction over Defendant's Counterclaims, it Should Deny Summary Judgment.**

As this Court has recommended declining pendent jurisdiction, this Court has no subject matter jurisdiction over Defendant's counterclaim. This Court should thus DENY Defendant's motion for summary judgment.

## CONCLUSION

For the reasons discussed above, this Court should GRANT Plaintiff's motion to dismiss and DENY Defendant's motion for summary judgment on her counterclaim. Defendant's counterclaims and third-party complaint should be dismissed without prejudice.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                /s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
      April 26, 2023