UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LOVE GRACE INC.,

                Plaintiff,

      -against-

CARISSA-ANN SANTOS, WILD LOVE d/b/a,
WILDLOVE CREATION, and ROBERT
GULOTTA

                Defendants.

**MEMORANDUM & ORDER**
**19-CV-4029 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are Defendant Carissa-Ann Santos's motion for summary judgment on a counterclaim, (Mot. for S. J. (Dkt. 110)), and Plaintiff's motion to dismiss for lack of jurisdiction. (Mot. to Dis. (Dkt. 136).) Both motions were referred to Magistrate Judge Steven L. Tiscione for a report and recommendation ("R&R"). (*See* July 12, 2022 Order; Feb. 3, 2023 Order.) Magistrate Judge Tiscione issued the annexed R&R on April 26, 2023, recommending that the court grant Plaintiff's motion to dismiss and deny Defendant Carissa-Ann Santos's motion for summary judgment on a counterclaim. (*See* R&R (Dkt. 142) at 9.)

No party has objected to Magistrate Judge Tiscione's R&R, and the time to do so has now passed. *See* Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Rubinstein & Assocs., PLLC v. Entrepreneur Media, Inc.*, 554 F. Supp. 3d 506, 510 (E.D.N.Y. 2021).

In conducting its review, the court noted that the R&R construed the holding in *Wright v. Musanti*, 887 F.3d 577 (2d Cir. 2018) as permitting invocation of diversity jurisdiction after the dissipation of federal question jurisdiction only in circumstances where both "the factual prerequisites for diversity jurisdiction had come into being" *and* diversity jurisdiction "had been established by the pleadings," prior to federal question jurisdiction dissipating. *Id.* at 584. (R&R at 5 n.2.) Moreover, the R&R weighed heavily the distinction between a pre-answer change in jurisdictional predicate and a post-answer change in jurisdictional predicate, in distinguishing *Wright* from this case. R&R at 5 n.2 Under this

reading of *Wright*, the court cannot properly claim original jurisdiction over the case before it.

This court sees greater potential ambiguity in the Circuit's holding in *Wright*. An alternative construction of the Circuit's holding could indicate that "where federal question jurisdiction was properly asserted at the outset of a case" and the factual predicates for diversity jurisdiction came into being "before federal question jurisdiction dissipated," diversity jurisdiction could be thought of as having properly arisen before that dissipation, even when it had not technically been plead. *Wright*, 887 F.3d at 585. Under this alternative construction of *Wright*, the court would retain original jurisdiction over the case before it.

But the court reviews only for clear error, and as the scope of the Circuit's holding in *Wright* is ambiguous, the standard for clear error has not been met.

Having found no clear error, the court ADOPTS the R&R and, for the reasons stated in the R&R, Plaintiff's motion to dismiss for lack of jurisdiction is GRANTED and Defendant Carissa-Ann Santos's motion for summary judgment on a counterclaim is DENIED.

A copy of this order is being filed on ECF. The clerk of court is respectfully DIRECTED to terminate the case.

SO ORDERED.

Dated:   Brooklyn, New York
         May 31, 2023

/S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge